## HINES  v.  McGHEE.

.[83 South. 402, In Banc.  No. 20908.]

RAILROADS. *Failure to sound stock alarm when not proximate cause of injury.*

In a suit against a railroad company for the killing of stock, even though the engineer did not sound the stock alarm before the stock were struck, the company was not liable, where the evidence did not warrant a finding by the jury that the stock would have been frightened from the track by an earlier sounding of the stock alarm.

APPEAL from the circuit court of Tunica county.
HON. W. A. ALCORN, Judge.

Suit by E. H. McGhee against Walter D. Hines, Director General, The Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Montgomery & Dulaney* for appellant.

The court erred in refusing to give appellant the peremptory instruction asked for. This is the only proposition that we have raised in this appeal. We contend that there is no conflict in the testimony at all. It is not disputed that the mules, having escaped, were .

running at a very rapid rate, right towards the engine
of the train, in the night. That the train and engine
were equipped with all necessary and proper appliances,
and was in good condition; that the headlight of the
locomotive was an electric headlight of the highest
standard in general use; that the fireman was putting
in coal; that the engineer was keeping a lookout; that
he was going on a descending grade in the direction of
the mules, at the rate of fifty-five miles an hour, the
mules meeting him at about fifteen; that he could not
stop his train within less than fourteen hundred feet,
or more; that he could not see the mules over' one
thousand feet from him; that it was utterly impossible
to stop the train, and that he did everything that was
possible, not everything that he reasonably could, but
everything possible, to avoid striking them, and that
the accident was unavoidable. The witness for the plain-
tiff bore out the engineer in all of this. They were
pursuing the mules, attempting to head them on other
mules.

Counsel for appellee attempted to argue in the lower
court, that because the two negroes in pursuit of the
mules, themselves riding as fast as their mules, could
run, say that the engineer blew two blasts of the whistle,
and then struck the mules instantly, that they are in
conflict with the testimony of the engineer as to this,
because the engineer says "his left hand was on the
throttle, which as soon as he saw the mules he closed,
then applied his air with his right hand, then with
his left hand applied the sand to the track, and with
his right hand, sounded his stock alarm, at the instant
of striking the mules."

Of course there is no conflict between the engineer and
these two witnesses riding fast, who only heard two
blasts of the whistle, as they recall it.

They do not dispute the testimony of the engineer that
the engine slowed up, but they say they did not ob-

serve it, and do not say it did not, but that it proceeded on its way, and speeded up after striking the mules, and about this there is no conflict.

It is not material whether the two blasts of the whistle were sounded or not, because it is certainly clearly testified by the engineer that everything was done that was possible to be done to prevent striking the mules, and that the accident was unavoidable, and in this he is not contradicted. *Louisville, New Orleans & Texas Railway Company* v. *Tate,* 70 Miss. 348.

This was a case where the mule killed was standing on the track when the headlight first reached it, and the engineer could not stop his train in time to avoid striking it, and it was held that the peremptory instruction was properly given. *C. St. L. & N. O. Railroad Co.* v. *Packwood,* 59 Miss. 280.

In this case chief Justice Chalmers says: "The accident according to the testimony of these witnesses was unavoidable." "It seems to be, so far as we can see, a case where each side has met the burden imposed by law upon it and in which there is no conflict in the testimony of the witnesses. Where this is so, the verdict should be for the defendant, and a contrary one will be set aside by the court." *N. O. J. & G. N. Railroad Co.* v. *Field,* 46 Miss. 573.

In this case Justice Simrall, speaking for the court says: "The owner of cattle at large on the range takes the risk of injury, or total loss by the locomotive and train, if the cattle exposed upon the track could not be saved by prudence, skill and caution. The company is excused and justified where, after using the means suggested by skill, prudence and caution, the injury or destruction could not be avoided." *N. O., etc., R. R. Co.* v. *Bourgeois,* 6 Miss. 3.

In this case Chief Justice Arnold says: "It appears from the testimony of appellee, that at the places where two of these cattle were struck, the view along the

track for several hundred yards was unobstructed, and that stock on, or near the track might have been seen that distance. This is not denied, but the engineer who was on the train, testified, and he is not contradicted on this point, that he did not see either of the cattle until they were so near the engine that he could not check or stop the train in time to save them, and that he sounded the whistle or stock alarm, and did all he could under the circumstances to prevent the collision but was unable to do so."

"It is not shown, or suggested, that the engineer could or should have done anything that was not done, after the cattle got on the track; but the contention is, that he might have seen them near the track, and should have reduced the speed of the train, or stopped it, before they came upon the track."

"Rapid movements, and regular connections are among the chief advantages of transportation by railroads. These are demanded both by interests of the public and of the railroad companies. Railroad companies, in the prosecution of their lawful business, have a right to a clear track, and to the exclusive use and enjoyment of their property, subject, of course, to the condition upon which all others own and use property, that they must so use it as not to injure the person or property of others, if it can be avoided by reasonable care."

"If an animal when first discovered on the track, is so near the engine that collision cannot be prevented by the prompt use of all the proper appliances, and the animal is killed or injured, no liability for damages is thereby incurred by the company. Impossibilities are no more required by law of the railroad companies than of other persons" *R. R. Co.* v. *Caldwell*, 83 Ala. 196.

On the facts of the record the verdict should have been for the appellant; it was error to refuse the first instruction asked by the appellant.

*A. & V. Railroad Co.* v. *Stacy,* 35 So. 137. In this case the engineer and fireman testified that their engine, cars, bell and appliances were in good condition, and that their entire equipment was as good as any on any railroad in the entire state; that at the time of the accident the fireman was putting in coal, and did not see the animals; that the first he knew of any trouble, the engineer blew his whistle and shut off the steam when he looked up and saw the animals that were struck. The engineer testified that he was at his post, keeping a lookout; that he first saw the cattle on the south side of the track about one hundred and fifty yards ahead of the train, some ten or fifteen feet from the track; that when the engine drew close, the cow attempted to cross the track, the engine being then sixty or seventy yards from her, and when he saw her start across he blew the whistle, put on brakes, and shut the steam off, so as to keep from striking her, but it was impossible to keep from striking her; that he did everything in his power to prevent the accident. Justice TRULY speaking for the court says: "The undisputed facts disclosed by this record entitles defendant to the peremptory instruction." *L. N. O. & T. Railway Co.* v. *Smith,* 67 Miss. 15.

This was a case where there was no material conflict, and Justice CAMPBELL says:

"The court should have given the instruction asked by the defendant that the verdict should be for it. There is no conflict in the evidence, and that of the defendant which consists with that of the plaintiff, exonerates the defendant from all blame." *Y. & M. V. R. R. Co.* v. *Jones,* 71 So. 309.

In this case the engineer testified that he was running about fifty miles an hour in the country; that he

was in his proper place in the engine keeping a lookout ahead, and that his headlight revealed the mules on the track about four or five hundred feet ahead of him; that the engine was properly equipped, and all equipment was working well; that he immediately shut off the steam, blew the stock alarm, and applied the emergency brakes, and did all that he could do to prevent the accident, but that the train could not have been stopped in less than twelve hundred feet after the brakes had been applied, and that the mules were struck by the engine before the engine could be stopped; that the train ran about four hundred feet after he first discovered the mules until they were struck; that they were running up the track when overtaken and struck, and that the accident was unavoidable. Presiding Justice COOK, speaking for the court, says:

"We have examined the evidence taken at the trial of this case, and it seems clear to us that the defendant below met the burden imposed by the prima-facie statute. The defendant showed just how, and under what circumstances the mules were injured by the running train. It appears that the engineman did everything possible to avoid striking the animals after he saw them. We can find nothing in the testimony of plaintiff's witnesses in conflict with the testimony of the engineman. We may admit all that plaintiff's evidence tends to prove, and yet we are unable to see wherein the defendant's witnesses are contradicted. It stands undisputed that the train crew were not negligent when they discovered the mules on the track."

"There is no obligation on the servants of the company to keep a lookout for trespassing stock. We think the engineman gave a perfectly valid reason for his not seeing the mules earlier, and we can find no facts or circumstances warranting the belief that he falsified. We are unable to say that the engineman's statement of the facts is unreasonable, in the absence of any evi-

dence tending to a contradiction thereof, and we find no such evidence in the record.''

Applying these authorities, especially the last authority just cited, to the evidence in the case at bar, we respectfully submit that there is nothing to contradict the testimony of the engineer, that he did everything that he could, after seeing the stock to prevent striking them, and that the peremptory instruction for the appellant should have been given. We therefore ask that this case be reversed, and judgment entered here for the appellant.

*J. F. Robinson* and *J. D. Magruder,* for appellee.

It was no error to refuse to direct a verdict for the defendant; whether it was negligence for the engineer to fail to see the mules was a question for the jury. *Kent* v. *Louisville, etc., R. R. Co.,* 67 Miss. 609, 7 So. 391.

Chief Justice WooD, rendering decision in this case says: ''We cannot say, looking at the whole case on its undisputed facts, that there is nothing proving negligence or tending to prove it. The injury occurred on a clear, starlight night on a straight track and in open fields; the animal ran rapidly for three hundred yards down the track in front of the locomotive. The engineer testifies that he was at his post and on the lookout, but that he only saw the animal when within twenty or thirty yards of her, and that it was impossible then to stop the train in time to prevent the accident. Whether there was negligence in the engineer's failing to see the animal for two hundred and seventy or two hundred and eighty yards, under the circumstances was a question proper to be submitted to the jury; for admitting that the engineer did not see the animal, the question remains, could he, and ought he to have done so ''

In the instant case it is undisputed that the track is perfectly straight for a mile each way from the place where the mules were struck; that the mules had been running on the track for about a half mile, and that the train was equipped with a powerful electric headlight, facts making it possible for the engineer to have seen the mules in time to stop the train before striking them.

We contend that there was very material conflict in the testimony offered by plaintiff and defendant on the trial of this cause; true, there is no positive denial of the testimony of the engineer as to his efforts to stop the train, and indeed there could not be, but his statement that he sounded the alarm when he was eight hundred to one thousand feet from the place where the mules were struck, is positively contradicted by witnesses of plaintiff, as is his statement that the train slowed up. Witnesses for plaintiff stated, positively, that the whistle was not blown until about the time the mules were struck, and that the train did not slacken its speed. Even under the very searching examination of able counsel for defendant, these witnesses stated that they could not perceive that the train slowed up.

"When the evidence in an action to recover for an animal killed on the railroad track is conflicting as to the distance of the train from the animal when it comes on the track and the efforts made to avert the accident and subsequent injury a peremptory instruction for the defendant should not be given, but the case should be submitted to the jury." *Quinn* v. *Southern R. R. Co.,* 21 So. 6, not officially reported.

"In order to overcome motion for peremptory instructions and send the case to the jury it is only necessary that the evidence tend to contradict that of defendant." *Baird* v. *Georgia Pacific R. Co.,* 19 So. 661.

In the case at bar the testimony of the engineer and fireman that all possible was done to stop the train is

contradicted by the statement of plaintiff's witness that the alarm was not sounded when the engineer claims he first saw the stock and that the train did not slow up.

In the cases cited in the brief of counsel for appellant there were no eye witnesses to the killing of the stock, and plaintiffs in their cases were dependent upon the prima-facie case made by the circumstances of the stock being found dead by the track, which differentiates them from the instant case.  Unfortunately for the appellant in the case, at bar there were present witnesses who testified that the facts were other than stated by witness for appellant.

It is plainly stated in the decisions cited by appellant the *prima-facie* cases were met because of the absence of testimony disputing defendant's claim of reasonable care etc., and for that reason the court should have peremptorily instructed the jury to find for the defendant.

The case at bar is clearly one for the jury.  It is not contended that appellant failed to meet the burden of a *prima-facie* case, but having met same, it was then confronted by testimony of appellee disputing the correctness of the statements of its expert witnesses, and having done so, the court below was eminently correct in overruling defendant's motion for peremptory instruction.  The testimony of Hobson and Williams, witnesses for plaintiff, and the surrounding circumstances of this case take it out of the class of cases cited by appellant in its brief.

Even in the case of *Yazoo & Mississippi Valley Railroad Co.* v. *Jones,* the last case cited by appellant, and the one he seems especially to rely upon, there was no evidence by plaintiff beyond making the *prima-facie* case of finding the stock dead along the railroad track, and the defendant having met the burden placed upon it by the *prima-face* case by proving the circumstances of

5—121 Miss.

the accident, and that it had done all in its power to avoid the accident, and there being no evidence to the contrary, the court rightfully ruled that the peremptory instructions should have been given.

In the instant case, however, there was material evidence by the plaintiff negativing the proposition that all possible was done to stop the train and avoid the accident, and we respectfully submit the case confident that the court will affirm the judgment of the lower court in overruling the motion for peremptory instruction for defendant and allow the judgment to stand.

SMITH, C. J., delivered the opinion of the court.

The only substantial conflict in the evidence is with reference to whether or not the engineer sounded the stock alarm before the mules were struck by the train, but, conceding for the sake of the argument that the stock alarm was not sounded before the mules were struck, and that the engineer was negligent in not having sounded it earlier, nevertheless the peremptory instruction requested by the appellant should have been given, for the reason that the evidence will not warrant a finding by the jury that the mules would have been frightened from the track by an earlier sounding of the stock alarm.

Reversed and judgment here for the appellant.

*Reversed.*